IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

Devin Miles Brown, )
 ) C.A. No. 5:16-3430-HMH-KDW
        Petitioner, )
 )
vs. ) **OPINION & ORDER**
 )
Leroy Cartledge, Warden, )
 )
        Respondent. )

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. §§ 636(b)(1), 1915(e), and 1915A and Local Civil Rule 73.02 for the District of South Carolina.[1] Devin Miles Brown ("Brown") is a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In her Report and Recommendation, Magistrate Judge West recommends dismissing Brown's petition.[2]

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Section 1915A(a) requires the court to "review . . . as soon as practicable . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity . . . ." Upon review, the court shall dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

Brown is currently incarcerated at the McCormick Correctional Institution, a South Carolina Department of Corrections ("SCDC") facility. After a trial, Brown was found guilty of trafficking marijuana on March 19, 2008. (§ 2254 Pet. 1, ECF No. 1.) Brown was sentenced to twenty-five years' imprisonment. (Id., ECF No. 1.) Brown appealed his conviction to the South Carolina Court of Appeals, which affirmed his conviction in an unpublished opinion dated June 7, 2011. (Id. at 2, ECF No. 1.) Brown filed a petition for writ of certiorari to the South Carolina Supreme Court, which was dismissed on October 25, 2011. (Id., ECF No. 1.) On October 24, 2012, Brown filed an application for post-conviction relief ("PCR"), in the South Carolina Court of Common Pleas. (Id. at 3, ECF No. 1.) Brown's PCR application was dismissed with prejudice on March 13, 2014. (Id., ECF No. 1.) Brown filed a petition of writ for certiorari to the South Carolina Supreme Court, which was dismissed in an order dated October 12, 2015. (§ 2254 Pet. 6, ECF No. 1.) The South Carolina Supreme Court issued its remittitur on October 30, 2015. (R&R 1, ECF No. 17.)

Brown filed this § 2254 petition pro se on October 13, 2016.[3] (§ 2254 Pet., ECF No. 1.) On December 28, 2016, Magistrate Judge West issued an Order to Show Cause why Brown's § 2254 petition should not be dismissed as untimely based upon the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (Dec. 28, 2016 Order, ECF No. 11.) Brown responded on January 11, 2017,[4] arguing that, if his petition was untimely, it was because of his counsel's erroneous advice. (Resp. Show Cause Order, ECF No. 13.) On March 15, 2017,

---

[3] See Houston v. Lack, 487 U.S. 266 (1988).

[4] See id.

2

Magistrate Judge West issued her Report and Recommendation, recommending that Brown's petition be dismissed as untimely. (R&R 8-9, ECF No. 17.) Brown, through counsel,[5] timely filed objections on April 18, 2017. (Pet. Objs., ECF No. 26.) This matter is now ripe for consideration.

## II. Discussion of the Law

### A. Objections

Brown filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, Brown specifically objects that, although his § 2254 petition was filed after the expiration of the one-year statute of limitations, the magistrate judge erred in finding that Brown failed to demonstrate grounds for equitable tolling. (Objs. 4, ECF No. 26.) Brown argues that equitable tolling is appropriate because his attorney miscalculated the time to file Brown's § 2254 petition, he has been reasonably diligent in pursuing his case, and the circumstances of his underlying conviction justify the application of equitable tolling. (Id., generally, ECF No. 26.)

---

[5] Brown's counsel entered an appearance in this case on March 17, 2017.

3

"Equitable tolling is appropriate when, but only when, extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (internal quotation marks omitted). To prevail on a claim of equitable tolling, Brown must demonstrate "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id.

Brown first argues that, although counsel's error in interpreting a statute of limitations does not generally constitute extraordinary circumstances, the facts of this case warrant a finding of extraordinary circumstances. (Objs. 5-6, ECF No. 26 (citing Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir. 2000) ("[A] mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control . . . ."); United States v. Martin, 408 F.3d 1089, 1093-94 (8th Cir. 2005); Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003); Baldayaque v. United States, 338 F.3d 145, 152-53 (2d Cir. 2003)).) The cases cited by Brown in support of his argument, Martin, Moore, and Baldayaque, are clearly distinguishable from this case. In each of those cases, extraordinary circumstances existed because counsel had failed to file, or lied about the requirements to file, federal habeas relief in spite of specific requests from the petitioners. See Martin, 408 F.3d at 1094-95; Moore, 345 F.3d at 801; Baldayaque, 338 F.3d at 152. Here, Brown has made no allegations of such egregious misconduct. Therefore, the actions of Brown's counsel do not demonstrate extraordinary circumstances beyond Brown's control.

Brown next argues that, although counsel's miscalculation of the statute of limitations may not in isolation qualify as extraordinary circumstances, when considered in conjunction

4

with the fact that no court has considered the merits of all of his claims, extraordinary circumstances exist. (Objs. 6-7, ECF No. 6 (citing Schlup v. Delo, 513 U.S. 298, 316 (1995).) In Schlup, the Supreme Court held that

> [w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim. However, if a petitioner . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims.

Schlup, 513 U.S. at 316. To meet this standard, Brown must establish actual innocence and that it is "more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id. at 327. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). In determining whether a party has demonstrated actual innocence, "[t]he habeas court must make its determination concerning the petitioner's innocence in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." Schlup, 513 U.S. at 328 (internal quotation marks omitted).

Here, Brown provides no evidence to support the claim that no reasonable jury would have found him guilty. Further, the allegations in Brown's § 2254 petition do not support his assertion of actual innocence. Based on the foregoing, the magistrate judge did not err in finding that equitable tolling is not appropriate. As a result, Brown's objection is without merit.

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts the magistrate judge's Report and Recommendation.

It is therefore

**ORDERED** that Brown's § 2254 petition, docket number 1, is dismissed with prejudice. It is further

**ORDERED** that a certificate of appealability is denied because Brown has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.<br>Senior United States District Judge

Greenville, South Carolina
May 3, 2017

## NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.